IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

OMAR GUYTON
Reg. #20748-009                                                                               PETITIONER

Civil Case No. 4:16CV00584 JM-JTK

ODDO, Warden, et al.                                                                        RESPONDENTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.   An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**Disposition**

Petitioner is currently serving a federal sentence imposed by this district for armed bank robbery. *United States v. Omar Guyton*, Case No. 4:09-cr-00083-BSM. At the time he committed this crime in October 2008, Petitioner was on parole from the Arkansas Department of Correction (ADC) after pleading guilty in Pulaski County Circuit Court to theft by receiving on May 22, 2006. The ADC released Petitioner on parole on September 16, 2008. Petitioner absconded from parole and committed a federal armed bank robbery in October 2008. He was subsequently arrested by federal authorities in February 2009.

Now before the Court is his second petition for a writ of habeas corpus. (Doc. No. 1) Petitioner is currently a federal inmate housed at USP Allenwood in Allenwood, Pennsylvania.[1] Petitioner originally filed in the United States District Court for the Middle District of Pennsylvania, but that court subsequently transferred the case to this district because the petition challenged a State of Arkansas parole violation detainer. (Doc. No. 5) Once transferred, the undersigned ordered the petition served on the Respondent and the Arkansas Attorney General. (Doc. No. 8)

In his Petition, Guyton states that he has had a parole hold pending against him here in Arkansas

---

[1] This case is unique in that, although Petitioner is currently in federal custody pursuant to a federal conviction, his petition challenges a state sentence calculation. While this case is styled as a petition brought pursuant to §2241, it is actually a §2254 case, hence the need for the Arkansas officials to respond. The Court construes this matter as one being brought pursuant to §2254.

2

since November 2008, when he was actually in Little Rock County jail from February 2009 until his federal sentence date on January 25, 2013. He claims he spent close to four (4) years in the county jail in Little Rock and asks the court to give him "time served or credit for time serve[d] of the 6 months parole violation thats [sic] pending against me." (Doc. No. 1, at p. 8) He avers that he is due for release from federal custody on January 30, 2018. His maximum state release date is July 24, 2018. (Doc. No. 12-3) He essentially wants the state to give him time served for the additional time he would have to serve in state custody once released from federal custody.

In Response, Respondent takes the position that, to the extent Petitioner challenges the parole hold placed on him in 2008, when he absconded from state custody, jurisdiction does not lie because that claim was available to be raised in the previous petition, and Petitioner has not obtained permission to file a second or successive petition attacking his custody on that basis.[2] (Doc. No. 12, at p. 3) In the alternative, Respondent asserts Petitioner is not otherwise entitled to relief because (1) his claim is not cognizable or (2) his claim is meritless. (Doc. No. 12, at pp. 3-4)

Having reviewed the record and the available evidence before the Court, the undersigned agrees with the Respondent and recommends that the petition be denied and dismissed with prejudice.

**Discussion**

The Anti-Terrorism and Death Penalty Act (AEDPA) imposes three basic requirements on successive habeas petitions: first, any claim that has already been adjudicated in a previous petition must be dismissed; second, any new claim that was not already adjudicated must be dismissed unless it relies on a new and retroactive rule of constitutional law or new facts showing a high probability of actual

---

[2]In Case No. 4:15cv756 JM-JTK, *Guyton v. Oddo et al.*, Guyton requested that the Parole Board recalculate his sentence by removing any extension of his absconding status past the date he was placed in federal custody. He received the relief sought, and the Court dismissed the petition as moot.

innocence; and, finally, before a district court can accept a successive habeas petition, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet AEDPA's new-rule or actual-innocence provisions. *Bell v. North Dakota*, 567 F. Supp.2d 1130, 1333 (D. N.D. 2008) (citing *Williams v. Chatman*, 510 F.3d 1290 (11th Cir. 2007)).

28 U.S.C. § 2244(b)(1) requires that before a second or successive petition is filed in federal district court, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4). When a prisoner files a successive habeas petition in federal district court without having obtained authorization to do so from the appropriate court of appeals, the district court must dismiss the case for want of subject matter jurisdiction. *Bell*, 567 F. Supp.2d at 1135.

To the extent Petitioner again challenges his state parole hold, this habeas petition is abusive because the claim now raised could have been raised in the prior petition. "A district court can dismiss as abusive a habeas petition asserting new and different grounds for relief if the grounds were available but not relied on in an earlier petition." *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n. 6 (1986). A prisoner abuses the writ by attempting to assert "grounds for relief ... [that] were available but not relied [upon] in an earlier [habeas] petition." *Olds v. Armontrout*, 919 F.2d 1331, 1332 (8th Cir.1990), cert. denied, 500 U.S. 908 (1991). Petitioner has not obtained permission to file a second or successive petition attacking his custody, and he cannot show the requisite findings necessary under 2244(b)(2)(A)-(B)(i-ii) to avoid dismissal.

Alternatively, the petition lacks merit because Petitioner is not entitled to any additional jail credit. Petitioner's 12-year state sentence was imposed on May 22, 2006; taking into consideration thirty nine (39) days of jail credit, Petitioner's sentence started running on April 13, 2006. Therefore, his original maximum release date was twelve years later on April 13, 2018. Petitioner was released on

parole in September 2008, after which he absconded and committed federal armed bank robbery in October 2008. The Parole Board issued its warrant on November 7, 2008, and the federal authorities arrested Petitioner on February 17, 2009. Because of absconding, Petitioner's state sentenced stopped running from November 2008 to February 2009. Accordingly, his newly calculated maximum release date of July 24, 2018, accounts for that time. Petitioner has received all the jail credit that he is due, and his new sentence calculation date is correct.

## Conclusion

Based on the foregoing, the Court finds the petition for writ of habeas corpus, Doc. No. 1, should be dismissed for want of subject matter jurisdiction. Alternatively, the petition should be dismissed because it lacks merit.

IT IS SO ORDERED this 20th day of September, 2017.

_____
UNITED STATES MAGISTRATE JUDGE